Gregory S. Gewirtz
Robert B. Hander
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

Eric T. Fingerhut
Dykema Gossett PLLC
Franklin Square, Third Floor West
1300 I Street N.W.
Washington, DC 20005
Tel:   202.906.8600
Fax:   202.906.8669

Allan Gabriel
Walead Esmail
Jeffrey A. Iloulian
Dykema Gossett PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:   213.457.1800
Fax:   213.457.1850

*Attorneys for Plaintiffs Lorillard
  Technologies, Inc. and LOEC, Inc.*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LORILLARD TECHNOLOGIES, INC., a Delaware Corporation, and LOEC, INC., a Delaware Corporation, | : : : : | |
| | : | Civil Action No. |
| Plaintiffs, | : : | District Judge |
| | : | Magistrate Judge |
| v. | : : | |
| NJ ALE HOUSE, LLC d/b/a BLU ALEHOUSE, a New Jersey Corporation, | : : : | |
| Defendant. | : : | |
| | x | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Lorillard Technologies, Inc. ("LTI") and LOEC, Inc. ("LOEC") (collectively "Plaintiffs") allege as follows for their Complaint against Defendant NJ Ale House, LLC d/b/a Blu Alehouse ("NJAH"):

## NATURE OF ACTION

1.      This is an action for federal trademark infringement, federal unfair competition, New Jersey common law trademark infringement, unfair competition under New Jersey Statute § 56:4-1, and for an order directing the United States Patent and Trademark Office ("USPTO") to refuse registration of NJAH's application for the BLU ALEHOUSE mark, which Plaintiffs bring to protect some of their most valuable assets; namely, the goodwill and consumer recognition they have developed in LTI's federally registered BLU ECIGS® mark as well as its BLU CIGS, BLU, BLU CART, BLU APP, BLU NATION, and BLU (design mark) marks (all collectively referred to as the "BLU Family of Marks").

2.      For a significant number of years since the introduction of electronic cigarette products, Plaintiffs have continuously used and extensively promoted the BLU Family of Marks in connection with the advertising, promotion, and sale of electronic cigarettes.  As described more fully below, without Plaintiffs' authorization or consent, and with presumptive knowledge of LTI's rights in the BLU ECIGS® mark, Defendant NJAH recently began to use a near identical and confusingly similar designation BLU ALEHOUSE in connection with the advertising, promotion, and operation of a restaurant and bar located in Riverdale, New Jersey. NJAH's conduct is likely to confuse the public and members of the relevant trade into believing that NJAH's restaurant and bar is authorized by, sponsored by, or affiliated with Plaintiffs, their well-known marks and goods. Plaintiffs accordingly bring this action in order to protect LTI's valuable federally protected mark, the BLU Family of Marks, and to halt the damages and irreparable harm they have suffered and will continue to suffer as a result of NJAH's actions.

## THE PARTIES

3.      Plaintiffs LTI and LOEC are Delaware companies with their principal places of business in North Carolina.  LTI is the owner of all relevant trademark rights associated with the

2

BLU Family of Marks for electronic cigarettes, and LOEC is the exclusive licensee in connection with the manufacture and sale of electronic cigarettes under the BLU Family of Marks.  All use of the BLU Family of Marks by LOEC inures to the benefit of LTI.

4.      Defendant NJ Ale House, LLC d/b/a Blu Alehouse ("NJAH") is a New Jersey company with its principal place of business at 3 Schindler Way, Fairfield, New Jersey 07004.

5.      On information and belief Blu Alehouse bar and restaurant is located at 92 Route 23 North Riverdale, New Jersey 07457, and is owned and operated by NJ Ale House, LLC.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338, as well as 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

7.      Upon information and belief, NJAH is subject to general and specific personal jurisdiction in the State of New Jersey.

8.      Upon information and belief, NJAH has transacted business within this state from which this cause of action arises.

9.      Upon information and belief, NJAH advertises on Facebook and other social media within this state from which this cause of action arises.

10.     Venue is proper in this district under 28 U.S.C. § 1391(a), (b), and (c).

## FACTS COMMON TO ALL COUNTS

### Plaintiffs' Proprietary Trademarks

11.     LOEC markets and sells the BLU brand of electronic cigarettes and related products under a family of trademarks that are well known throughout the United States.  For years Plaintiffs have invested substantial time, money, and effort advertising and promoting the

products on which the BLU Family of Marks are used, including selling millions of BLU electronic cigarette products all over the world, including throughout the United States and in New Jersey.  Through this investment, LOEC has built itself up as the leading electronic cigarette company in the United States and created considerable goodwill and a reputation for top quality electronic cigarette products.

12.    LTI is the owner, and LOEC is the exclusive licensee, of United States Trademark Registration No. 3,846,035 for the mark "BLU ECIGS" for "Cigarettes containing tobacco substitutes not for medical purposes; Electronic cigarettes for use as an alternative to traditional cigarettes; Smokeless cigarette vaporizer pipe; Tobacco substitutes," with a first use in commerce date of May 1, 2009 (the "BLU ECIGS Mark" or "BLU ECIGS®"). A true and correct copy of the trademark registration is attached hereto as Exhibit A.

13.    LTI is also the owner, and LOEC is the exclusive licensee, of several U.S. trademark applications to register related marks, including:

    a.    Application No. 85/092665, filed on July 26, 2010, to register "BLU CIGS" for "Electronic cigarettes containing tobacco substitutes not for medical purposes that utilize electronic cigarette chargers and not lighters; electronic cigarettes for use as an alternative to traditional cigarettes that utilize electronic cigarette chargers and not lighters; smokeless cigarette vaporizer pipes that utilize electronic cigarette chargers and not lighters" with a first use date of May 1, 2009 (the "BLU CIGS Mark").  A true and correct copy of the Trademark Application is attached hereto as Exhibit B.

    b.    Application No. 85/131287, filed on September 16, 2010, to register "BLU" for "Electronic cigarettes that utilize electronic cigarette chargers

4

and not lighters; electronic cigarettes for use as an alternative to traditional cigarettes that utilize electronic cigarette chargers and not lighters; smokeless cigarette vaporizer pipes that utilize electronic cigarette chargers and not lighters" with a first use date of May 1, 2009 (the "BLU Mark").  A true and correct copy of the Trademark Application is attached hereto as Exhibit C.

c.      Application No. 85/131965, filed on September 17, 2010, to register "BLU (design mark)" for "Electronic cigarettes that utilize electronic cigarette chargers and not lighters; electronic cigarettes for use as an alternative to traditional cigarettes that utilize electronic cigarette chargers and not lighters; smokeless cigarette vaporizer pipes that utilize electronic cigarette chargers and not lighters" with a first use date of May 1, 2009 (the "BLU Design Mark").  A true and correct copy of the Trademark Application is attached hereto as Exhibit D.

d.      Application No. 86/010437, filed on July 15, 2013, to register "BLU CART" for "Cartridges sold filled with glycerin-based chemical flavorings in liquid form to produce the vapor and supply the flavoring for electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges" with a first use date of May 1, 2009 (the "BLU CART Mark").  A true and correct copy of the Trademark Application is attached hereto as Exhibit E.

e.      Application No. 86/010469, filed on July 15, 2013, to register "BLU APP" for "Providing temporary use of online non-downloadable software

3526232_1.docx

applications for creating personalized on-line information services and enabling cross-platform login, registration and data display for, to and from third party services; computer services, namely, hosting online web facilities for others for organizing and conducting online meetings, gatherings, and interactive discussions; computer services, namely, creating, maintaining and hosting a website over the internet that gives the computer user the ability to upload, post, show, display, tag, blog a variety of information of general interest to the user; providing temporary use of online non-downloadable software applications to enable uploading, posting, showing, displaying, tagging, blogging, emailing, sharing or otherwise providing electronic media or information over the internet; providing temporary use of online non-downloadable software applications for creating an online virtual community, social networking, photo sharing, video sharing, audio sharing, and transmission of photographic images" with a first use date of May 1, 2009 (the "BLU APP Mark").  A true and correct copy of the Trademark Application is attached hereto as Exhibit F.

f.   Application No. 86/078727, filed on July 15, 2013, to register "BLU NATION" for "Customer rewards and loyalty programs which provides loyalty points for online purchase of company's goods, the issuance and processing of loyalty coupons for frequent use of participating businesses" with a first use date of May 1, 2009 (the "BLU NATION Mark").  A true

6

and correct copy of the Trademark Application is attached hereto as Exhibit G.

14.     Since their first use in May 1, 2009, the BLU Family of Marks have distinguished Plaintiffs' electronic cigarettes from other electronic cigarettes and have become well known and instantly recognizable by consumers.

15.     Plaintiffs developed the idea of distinguishing their electronic cigarettes from traditional cigarettes as well as other electronic cigarettes by adding a blue colored LED tip, which lights up in blue when a user inhales vapor produced by the electronic cigarette.  LOEC was the first to use the blue-colored LED tip in connection with an electronic cigarette in the United States, and it has therefore become an important and distinguishable part of the BLU Family of Marks. Plaintiffs' blue-colored LED tip is well known among consumers.

16.     The designation "BLU" was selected as a simple and powerful brand, which would distinguish Plaintiffs' products in the electronic cigarette marketplace.  Using the BLU Family of Marks (examples of which are set forth below) and the distinct "BLU" brand and color, LOEC became an innovator and the leading provider of electronic cigarettes in the United States.





17.     BLU was the first brand of electronic cigarette to sponsor a top-35 car in the NASCAR Sprint Cup Series. Products featuring the BLU Family of Marks have been given out in gift bags at major entertainment and sporting events, including the Oscars, American Music Awards, MTV Movie awards, Grammy awards, Country Music awards, and the American Century Golf Championship.

18.     In 2011, LOEC ran a nationwide promotion to help raise money for the Wounded Warrior Project using the BLU Family of Marks. Wounded Warrior Project is a nonprofit organization that offers programs and services to severely injured service members during the time between active duty and transition to civilian life. Upon completion of the promotion, Plaintiffs made a substantial donation to the Wounded Warrior Project.

19.     The BLU Family of Marks have been extensively featured in national and local media, including in the *Drudge Report*, *Jet Set Magazine*, *Rolling Stone*, *SPIN*, *Maxim*, *Men's Journal*, *Esquire*, REELZ Channel, Si TV, MSG Network, BBC America, MAV TV, NPR, and *USA Today*. The BLU Family of Marks have also been promoted in commercials featuring celebrity spokespersons Stephen Dorff and Jenny McCarthy.

20.     Millions of BLU electronic cigarette products have been sold, and continue to be sold, at thousands of retail locations throughout the United States and via the Internet, including at Walgreens, Cumberland Farms, Sheetz, BiLo, H-E-B, Ingles, Meijer, Jackson Foods, Weis Markets, Kerr Drug, Scolari's, and others, as well as at www.bluecigs.com.

21.     The BLU Family of Marks are often advertised and promoted at sponsored bars, restaurants, and lounges such as during the BLU "Freedom Project" Live Music Series, which typically takes place at bars and other clubs across the United States or at the BLU Electric Lounge, which was located at the 2013 SXSW Music Festival in Austin, Texas.  True and

3526232_1.docx

correct copies of advertisements for the BLU Electric Lounge and of the BLU products generally are attached hereto as Exhibit H.

22.     Plaintiffs have the exclusive right to use the BLU Family of Marks in connection with the sale and offer to sell electronic cigarette products.

23.     Plaintiffs' BLU Family of Marks are inherently distinctive and have come to be associated by consumers with a single source.

24.     As a result of LOEC's extensive use and promotion, the BLU Family of Marks have acquired secondary meaning and become widely recognized by the general consuming public and the trade as a designation of source identifying LOEC and the BLU Family of Marks' brand of electronic cigarettes.

### NJAH's Unlawful Acts

25.     Upon information and belief, NJAH operates a bar and restaurant named Blu Alehouse, located at 92 Route 23, North Riverdale, New Jersey 07457.

26.     Upon information and belief, NJAH is availing itself of the privilege of doing business in the State of New Jersey and is using confusingly similar marks (collectively referred to as the "BLU ALEHOUSE marks," examples of which are depicted below) to the BLU Family of Marks in connection with its operation of its bar and restaurant.

 

27.     On January 16, 2014, NJAH filed United States Application Serial No. 86/167403 to register the mark "BLU ALEHOUSE" for "Bar and cocktail lounge services; Bar services;

Restaurant and bar services," which claimed first use in commerce as of January 15, 2014.  A true and correct copy of the Trademark Application and specimen is attached hereto as Exhibit I.

28.     Upon information and belief, NJAH has run advertisements on Facebook and other social media outlets for its bar and restaurant, using a confusingly similar mark to the BLU Family of Marks in the State of New Jersey, which have been seen by New Jersey residents.

29.     NJAH operates a bar and restaurant that is directed at a similar consumer base as LOEC's, to wit: NJAH operates a bar and restaurant using confusingly similar marks to the BLU Family of Marks, and LOEC promotes the BLU Family of Marks to consumers at bars, restaurants, and lounges.

30.     There is a high degree of similarity in overall look, feel, and connotation between the BLU ALEHOUSE marks and the BLU Family of Marks. NJAH's use of the BLU ALEHOUSE marks containing a blue circle, surrounded by smoke, containing the lowercase letters "blu," is confusingly similar to the BLU Family of Marks of Plaintiffs.

31.     NJAH's use of the BLU ALEHOUSE marks in connection with its business is likely to cause confusion, mistake, or deception among the relevant trade and consuming public.

32.     NJAH has constructive notice of the rights of LTI in its federally registered trademark BLU ECIGS® under the Lanham Act.  Upon information and belief, NJAH also has actual knowledge of the BLU Family of Marks.

33.     Upon information and belief, NJAH is using the BLU ALEHOUSE marks in advertising, promoting, and operating its restaurant and bar with full and actual knowledge and awareness of Plaintiffs' BLU Family of Marks and with the purpose and intent of confusing the relevant public into mistakenly believing that the BLU ALEHOUSE goods and services are associated with, affiliated with, or sponsored by Plaintiffs.

3526232_1.docx

34.     On or about February 19, 2014, counsel for Plaintiffs mailed a letter to NJAH and Blu Alehouse Restaurant and Bar in Riverdale, New Jersey advising Blu Alehouse and NJAH of the rights of Plaintiffs and demanding that NJAH cease using the mark BLU ALEHOUSE marks because they are confusingly similar to Plaintiffs' BLU Family of Marks.  A true and correct copy of this cease and desist letter is attached as Exhibit J.

35.     Upon information and belief, NJAH has not responded to this cease and desist letter, thereby indicating its unwillingness to cease using the mark BLU ALEHOUSE.

36.     Plaintiffs have suffered, are suffering, and will continue to suffer irreparable damage to their reputation and goodwill accumulated in their products bearing the BLU Family of Marks unless NJAH is restrained by this court.

37.     Plaintiffs have no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement
### (15 U.S.C. § 1114(1))

38.     Plaintiffs hereby incorporate by reference and reallege the allegations of paragraphs 1-37 as if fully set forth herein.

39.     This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     LOEC is exclusive licensee of all right and title to the federally registered BLU ECIGS® mark.

41.     LOEC has used the federally registered BLU ECIGS® mark continuously and in good faith, in connection with electronic cigarette sales since prior to NJAH's use of the BLU ALEHOUSE marks in connection with commercially related services.

42.     NJAH's use of BLU ALEHOUSE marks as alleged above is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of NJAH's goods and services in that consumers are likely to believe that NJAH's goods or services are in some way affiliated, connected or associated with, or otherwise related to, Plaintiffs and the federally registered BLU ECIGS® mark.

43.     NJAH's BLU ALEHOUSE marks are confusingly similar to LTI's federally registered BLU ECIGS® mark and were adopted and used by NJAH with constructive knowledge and, upon information and belief, actual knowledge of LTI's rights to the BLU ECIGS® mark.

44.     NJAH's use of BLU ALEHOUSE is, and always has been, without Plaintiffs' permission or consent.

45.     NJAH's use of the BLU ALEHOUSE marks constitutes willful infringement of LTI's federally registered trademark under 15 U.S.C. § 1114.

46.     Plaintiffs are without an adequate remedy at law because NJAH's trademark infringement has caused great and irreparable injury to Plaintiffs, and unless said acts are enjoined by this Court, they will continue, and Plaintiffs will continue to suffer great and irreparable injury.

47.     NJAH's acts of trademark infringement have further caused Plaintiffs to sustain substantial monetary damages, loss, and injury in an amount that is unknown to, and cannot be calculated by, Plaintiffs at present and therefore must be determined at the trial of this action.

3526232_1.docx

## SECOND CLAIM FOR RELIEF

### <u>Federal Unfair Competition</u>
### (15 U.S.C. § 1125(a))

48.     Plaintiffs hereby incorporate by reference and reallege the allegations of paragraphs 1-47 as if fully set forth herein.

49.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     LTI is the owner and LOEC the exclusive licensee of all right and title to the BLU Family of Marks.

51.     LOEC has used the BLU Family of Marks continuously and in good faith in connection with its product sales since prior to NJAH's use of the BLU ALEHOUSE mark in connection with related services.

52.     Plaintiffs' BLU Family of Marks are valid, protectable, and enforceable.

53.     NJAH's use of the BLU ALEHOUSE marks as alleged above is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of NJAH's goods and services in that consumers are likely to believe that NJAH's goods or services are in some way affiliated, connected or associated with, or otherwise related to, Plaintiffs and the BLU Family of Marks.

54.     NJAH's BLU ALEHOUSE marks are confusingly similar to the BLU Family of Marks and were adopted and used by NJAH with constructive knowledge and, upon information and belief, actual knowledge of the BLU Family of Marks.

55.     NJAH's use of the BLU ALEHOUSE marks is, and always has been, without Plaintiffs' permission or consent.

3526232_1.docx

56.     NJAH's use of the BLU ALEHOUSE marks constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Plaintiffs are without an adequate remedy at law because NJAH's unfair competition has caused great and irreparable injury to Plaintiffs, and unless said acts are enjoined by this Court, they will continue, and Plaintiffs will continue to suffer great and irreparable injury.

58.     NJAH's acts of unfair competition have further caused Plaintiffs to sustain substantial monetary damages, loss, and injury in an amount to be determined at the trial of this action.

### THIRD CLAIM FOR RELIEF
### New Jersey Common-Law Trademark Infringement

59.     Plaintiffs hereby incorporate by reference and reallege the allegations of paragraphs 1-58 as if fully set forth herein.

60.     This cause of action arises under New Jersey common law.

61.     LTI is the owner and LOEC the exclusive licensee of all right and title to the BLU Family of Marks.

62.     LOEC has used the BLU Family of Marks continuously and in good faith in connection with electronic cigarette sales since prior to NJAH's use of the BLU ALEHOUSE marks in connection with related services.

63.     NJAH's use of the BLU ALEHOUSE marks as alleged above is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of NJAH's goods and services in that consumers are likely to believe that NJAH's goods or services are in some way affiliated, connected or associated with, or otherwise related to, Plaintiffs and the BLU Family of Marks.

14

64.    NJAH's BLU ALEHOUSE marks are confusingly similar to the BLU Family of Marks and were adopted and used by NJAH with constructive knowledge and, upon information and belief, actual knowledge of the BLU Family of Marks.

65.    NJAH's use of the BLU ALEHOUSE marks is, and always has been, without Plaintiffs' permission or consent.

66.    As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer considerable damages as a result of NJAH's actions.

67.    Unless enjoined by this Court, the infringing acts complained of will continue. Plaintiffs will be irreparably harmed and have no adequate remedy at law to redress the continuing injuries that NJAH has caused and will continue to cause by its conduct.

68.    The likely confusion, mistake, or deception caused by NJAH violates the common law of the State of New Jersey, and Plaintiffs are entitled to the assessment of increased and punitive damages against NJAH, in an amount to be determined at the trial of this action.

### FOURTH CLAIM FOR RELIEF

#### New Jersey Statutory Unfair Competition (N.J.S.A. 56:4-1)
**(Defendant's Unfair and Deceptive Use of Plaintiffs' BLU Family of Marks)**

69.    Plaintiffs hereby incorporate by reference and reallege the allegations of paragraphs 1-68 as if fully set forth herein.

70.    LTI is the owner and LOEC the exclusive licensee of all right and title to the BLU Family of Marks.

71.    LOEC has used the BLU Family of Marks continuously and in good faith in connection with electronic cigarette sales since prior to NJAH's use of the BLU ALEHOUSE mark in connection with related services.

3526232_1.docx

72.    NJAH's conduct is and continues to affect commerce in New Jersey.

73.    NJAH's actions are and continue to be unfair or deceptive.

74.    NJAH's method of competition is and continues to be unfair.

75.    NJAH's actions directly and proximately cause and are continuing to cause Plaintiffs substantial damages in an amount to be determined at the trial of this action.

76.    NJAH's continuing acts of unfair competition and deceptive trade practices entitle Plaintiffs to injunctive relief, treble damages, and/or attorneys' fees pursuant to New Jersey Statute N.J.S.A. § 56:4-1, 4-2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment:

A.    that NJAH has violated Plaintiffs' rights under 15 U.S.C. § 1117(a), 15 U.S.C. § 1125(a), New Jersey common law, and New Jersey Statute N.J.S.A. § 56:4-1;

B.    that NJAH, and all persons acting in concert with it or purporting to act on its behalf or in active concert or in participation with it (including but not limited to related entities, agents, servants, employees, successors, and assigns), be preliminarily and permanently enjoined and restrained from using the BLU ALEHOUSE marks in connection with bar and restaurant services, from otherwise infringing the BLU Family of Marks, from falsely designating the origin, sponsorship, or affiliation of Plaintiffs' goods and services, from otherwise unfairly competing with Plaintiffs in any manner whatsoever, and from either:

    i.    marketing, promoting, or otherwise operating the infringing NJAH business under the BLU ALEHOUSE marks, or any other name or mark confusingly similar to the BLU Family of Marks; or

16

        ii.        registering or attempting to register in connection with the infringing NJAH business the BLU ALEHOUSE marks or any other name or mark confusingly similar to the BLU Family of Marks;

C.      that NJAH be required to file with this Court and to serve on Plaintiffs' counsel within thirty (30) days after service of any injunction issued herein, or within such other reasonable time as this Court may direct, an affidavit setting forth in detail the manner in which NJAH has complied with such injunction;

D.      that Plaintiffs recover from NJAH their damages and lost profits in an amount to be proven at trial;

E.      that Plaintiffs recover all profits earned by NJAH in connection with its unlawful activities;

F.      ordering an accounting of and imposing a constructive trust on all of NJAH's funds and assets that arise out of its infringing activities;

G.      directing the USPTO to refuse registration to NJAH's infringing Trademark Application No. 86/167403;

H.      that NJAH and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through, or under it, be enjoined and restrained from applying to register any trademark applications with the USPTO that are likely to infringe on the BLU Family of Marks;

I.      that Plaintiffs be awarded their costs and disbursements incurred in connection with this action, and that this action constitutes an exceptional case pursuant to 15 U.S.C. § 1117(a), and therefore award to Plaintiffs their reasonable attorneys' fees;

3526232_1.docx

J.      that Plaintiffs' award of compensatory damages be trebled pursuant to 15 U.S.C. § 1117(a);

K.      that Plaintiffs recover trebled damages pursuant to New Jersey Statute N.J.S.A. § 56:4-1.

L.      that NJAH be compelled to pay Plaintiffs' punitive damages under New Jersey common law;

M.      that Plaintiffs recover their reasonable attorneys' fees pursuant to New Jersey Statute N.J.S.A. § 56:4-1 and the equity powers of this Court; and

N.      that all such other relief be awarded to Plaintiffs as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiffs Lorillard*
  *Technologies, Inc. and LOEC, Inc.*

Dated:____April 1, 2014____          By:___ s/  Gregory S. Gewirtz _____
                                          Gregory S. Gewirtz
                                          Tel:    908.654.5000
                                          E-mail: GGewirtz@ldlkm.com
                                                  Litigation@ldlkm.com

18

**OF COUNSEL:**
Allan Gabriel
Walead Esmail
Jeffrey A. Iloulian
Dykema Gossett PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:      213.457.1800
Fax:     213.457.1850
E-mail:agabriel@dykema.com
            wsmail@dykema.com
            jloulian@dykema.com

Eric T. Fingerhut
Dykema Gossett PLLC
Franklin Square, Third Floor West
1300 I Street N.W.
Washington, DC 20005
Tel:      202.906.8600
Fax:     202.906.8669
E-mail:efingerhut@dykema.com

<u>**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**</u>

     The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiffs' nor Plaintiffs' attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:        April 1, 2014                    LERNER, DAVID, LITTENBERG,
                                            KRUMHOLZ & MENTLIK, LLP
                                   *Attorneys for Plaintiffs Lorillard*
                                     *Technologies, Inc. and LOEC, Inc.*

                              By:     s/  Gregory S. Gewirtz
                                  Gregory S. Gewirtz
                                  Tel:      908.654.5000
                                  E-mail: GGewirtz@ldlkm.com
                                        Litigation@ldlkm.com

3526232_1.docx