# EXHIBIT J



Dykema Gossett PLLC
Franklin Square, Third Floor West
1300 I Street N.W.
Washington, DC 20005
WWW.DYKEMA.COM

Tel:  (202) 906-8600
Fax: (202) 906-8669

**Eric T. Fingerhut**
Direct Dial: (202) 906-8618
Direct Fax: (855) 220-8641
Email: EFingerhut@dykema.com

February 19, 2014

**Via Federal Express**

Mr. Pete Michel
Blu Ale House LLC
92 Route 23 North
Riverdale, NJ  07457

Re:   Use and Registration of the mark BLU ALEHOUSE
       Our File No. 065887-0036

Dear Mr. Michel:

We represent Lorillard Technologies, Inc. and its Licensee LOEC, Inc. d.b.a. blu eCigs (referred to together as "Lorillard") in trademark matters.  Lorillard manufactures and sells top quality branded cigarettes and electronic cigarettes, including the exceedingly well known BLU brand of electronic cigarettes.  Lorillard's electronic cigarettes are sold under the marks BLU, BLU ECIGS, BLU CIGS and BLU & Design (collectively the "BLU Marks") and Lorillard owns a Federal registration for the mark BLU ECIGS.  A copy of this registration is enclosed for your reference.  Applications for registration of other BLU Marks currently are pending in the U.S. Trademark Office.

Lorillard has invested substantial time and advertising expenditures in developing its BLU Marks and they serve as a singular association of source for its high quality electronic cigarettes. Electronic cigarettes and other products featuring the BLU Marks have been distributed at major Hollywood events such as the Oscars, American Music Awards and Grammy's and Lorillard has its own live music concert series called the BLU FREEDOM PROJECT.  Top celebrities also endorse the brand.  Given the large investment of resources, the BLU Marks are well-known throughout the United States and among the consuming public as a singular source of identification for Lorillard's electronic cigarettes and related products and services.

In order to protect its rights in the BLU Marks, Lorillard polices the market place and takes aggressive action against those uses it believes are likely to cause consumer confusion.  Such enforcement action includes oppositions before the Trademark Trial and Appeal Board as well as infringement actions in federal courts.

# DYKEMA

Mr. Pete Michel
February 19, 2014
Page 2

Lorillard recently learned your company just opened a bar and restaurant named BLU ALEHOUSE on Route 23 in Riverdale, NJ. In addition, an apparently related company named NJ Ale House, LLC filed a federal service mark application to register the mark BLU ALEHOUSE for *"bar and cocktail lounge services; bar services; restaurant and bar services."* Curiously, the application was filed claiming use in commerce since at least as early as January 15, 2014 even though the restaurant was not yet opened at that time. A promotional photograph of the interior of your bar and restaurant posted on your Facebook page appears below. Also shown is an advertisement for Lorillard's BLU electric lounge which was held during the 2013 SXSW Music Festival in Austin, TX:




Lorillard is very concerned confusion is likely to result from the similarity of your client's mark when used for bar and restaurant services. The risk of confusion is heightened because of the similarity of your BLU logo to Lorillard's BLU logo (both appear in lower case font) and the inclusion of a flame in the BLU logo which creates an association with Lorillard's BLU ecigarette brand. The photograph of the interior of your restaurant shown above proves it is more than plausible a patron sitting at the Blu Alehouse bar could think he or she was at a Lorillard BLU company-owned restaurant. As you may be aware, Lorillard often promotes its BLU brand at bars and restaurants. Moreover, it produces the BLU "Freedom Project" Live Music Series which typically take place at bars and other clubs. It has even blogged about cocktails that go well with BLU ecigs on its web site. Simply put, your restaurant's BLU name, mark and logo is too similar to Lorillard's prior established BLU name, mark and logo. Consumer confusion as to source, sponsorship and/or approval is inevitable.

# Dykema

Mr. Pete Michel
February 19, 2014
Page 3


In order to avoid consumer confusion and the cost of litigation, Lorillard has no choice but to insist that Blu Alehouse abandon its application for registration and agree to use a mark other than BLU for its bar and restaurant. As the restaurant only opened yesterday, it will be much less expensive and cause less business interruption for you to make the change now rather than after Lorillard has instituted formal legal action. If you cooperate and comply with Lorillard's demand, it will consent to a reasonable phase out period during which you may change to a new name. In the absence of your cooperation and compliance, we have been instructed to file a civil action for trademark infringement and unfair competition.

We look forward to receiving your assurance that you will cease use of the mark BLU ALEHOUSE for bar and restaurant services and you will abandon his application. Please let us have your confirmation such actions will be taken on or before **March 5, 2014**.

Sincerely,

DYKEMA GOSSETT PLLC

Eric T. Fingerhut

ETF/srh
Enclosures


DC01\310375.1



# BLU ECIGS

| | |
|---|---|
| **Reg. No. 3,846,035** | BLEC, LLC (NEVADA LIMITED LIABILITY COMPANY) |
| **Registered Sep. 7, 2010** | 500 ARCHDALE DRIVE<br>CHARLOTTE, NC 28217 |
| **Int. Cl.: 34** | FOR: CIGARETTES CONTAINING TOBACCO SUBSTITUTES NOT FOR MEDICAL PURPOSES; ELECTRONIC CIGARETTES FOR USE AS AN ALTERNATIVE TO TRADITIONAL CIGARETTES; SMOKELESS CIGARETTE VAPORIZER PIPE; TOBACCO SUBSTITUTES, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17). |
| **TRADEMARK** | |
| **PRINCIPAL REGISTER** | FIRST USE 5-1-2009; IN COMMERCE 5-1-2009. |
| | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |
| | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ECIGS", APART FROM THE MARK AS SHOWN. |
| | SN 77-692,962, FILED 3-17-2009. |
| | MARK SHINER, EXAMINING ATTORNEY |



Director of the United States Patent and Trademark Office